IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ADVANTAGE RN LLC, et al. | : | Case No. 1:14-cv-00316 |
| Plaintiffs, | : | (DISTRICT JUDGE WALTER H. RICE)[1] |
| vs. | : | |
| MAC LOMAX, et al. | : | ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFFS' MOTION FOR TEMPORARY |
| Defendants. | : | RESTRAINING ORDER (DOC. #4-1) |

This matter comes before the Court on the Motion of Plaintiffs Advantage RN, LLC and Advantage On Call, L.L.C. ("Advantage Plaintiffs") for a Temporary Restraining Order. Having reviewed the same, and the Verified Complaint and Certification of Counsel, as well as having had the benefit of oral argument from counsel for each of the parties, this Court finds that the Advantage Plaintiffs have established by clear and convincing evidence that a Temporary Restraining Order is necessary and proper to prevent irreparable harm to the Advantage Plaintiffs.

Accordingly, Plaintiffs' Motion is GRANTED IN PART and all Defendants, their agents and employees, and all persons or entities acting in concert with them, are hereby enjoined as follows:

1. They shall not directly or indirectly, on their own or on behalf of any other person, whether as owner, employee, agent, consultant or in any other capacity, enter into any compensation arrangement, or other transaction with any current client, customer, or contractor

---

[1] The above-captioned case was recently transferred from the United States District Court for the Southern District of Ohio, Western Division, at Dayton, to the United States District Court for the Southern District of Ohio, Western Division, at Cincinnati, and reassigned to the Honorable Michael R. Barrett. In light of Judge Barrett's full schedule, the undersigned judge agreed to adjudicate Plaintiffs' Motion for Temporary Restraining Order (Doc. #4-1) before Judge Barrett assumes authority over the remainder of the case.

of the Advantage Plaintiffs, or any client, customer or contractor with whom the Advantage Plaintiffs have done business in the past eighteen (18) months.

2. They shall not directly, without the prior written consent of the Advantage Plaintiffs:

    a. Induce or attempt to induce any employee, sales representative, or consultant to terminate his or her relationship with the Advantage Plaintiffs or their successors, affiliates, and/or subsidiaries, or recruit, solicit, entice or take away or assist others in recruiting, soliciting, or hiring any person who is, or within the preceding two (2) years, was an employee, representative or consultant for the Advantage Plaintiffs or their subsidiaries, successors and/or affiliates; and/or

    b. Solicit any current customer, client, nurse or contractor of the Advantage Plaintiffs (collectively "Protected Customers"). Protected customers shall be any person, corporation, or other entity placed, serviced, or sold to, by the Defendants or their agents, employees or representatives, during any part of the eighteen (18) months immediately preceding the termination of each of the Defendants' employment with the Advantage Plaintiffs.

3. They shall not misappropriate, copy, use, share, distribute or otherwise utilize for themselves or their own purpose or for any other person or entity, any confidential information of the Advantage Plaintiffs including but not limited to:

    a. Any information or documentation maintained by the Advantage Plaintiffs as confidential or trade secret;

    b. Any information identifying the customers with whom the Advantage Plaintiffs have contracted, including but not limited to, product or customer requirements, customer needs, customer idiosyncrasies, customer preferences or practices, pricing information, discount schedules and related information; and

    c. Any information identifying the nurses or other contractors with whom the Advantage Plaintiffs have contracts, including but not limited to, nurse lists, nurse applications, nurse preferences and other related nurse and/or contractor information.

4. Defendants shall immediately return to the Advantage Plaintiffs through their counsel herein any and all of the Advantage Plaintiffs' confidential information within Defendants possession, custody, or control within four (4) business days of this Order's entry.

The Advantage Plaintiffs shall immediately post a bond of $1000.00. This TRO shall be in effect until 5:00 p.m. on May 2, 2014.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE